William J.F. Roll, III
Joanna Shally
Melissa J. Godwin
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000

*Counsel for Plaintiff GCCFC 2007-GG11 Brooklyn Industrial, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
GCCFC 2007-GG11 BROOKLYN           :
INDUSTRIAL, LLC,                   :
                     Plaintiff,  :  Civil Action No. ___

       v.                          :
                                    :
1-10 INDUSTRY ASSOCIATES LLC,      :
19-20 INDUSTRY CITY ASSOCIATES,    :
LLC, RUBIN SCHRON, ABRAHAM         :
FRUCHTHANDLER, SIS WIZARDS INC.,   :
THE PRESSCRETE CO. INC.,           :
MAIDENBERG CORP., AH HARRIS &      :  **COMPLAINT**
SONS INC., CATERPILLAR FINANCIAL   :
SERVICES CORPORATION, MW CELL      :
TRS1, LLC, NEW YORK COMMUNITY      :
BANK, NEW YORK CITY                :
ENVIRONMENTAL CONTROL BOARD,       :
NEW YORK CITY DEPARTMENT OF        :
ENVIRONMENTAL PROTECTION, NEW      :
YORK CITY DEPARTMENT OF FINANCE,   :
and NEW YORK STATE DEPARTMENT OF   :
TAXATION AND FINANCE,              :
                                   :
                    Defendants.  :
----------------------------------------------------------x

Plaintiff GCCFC 2007-GG11 BROOKLYN INDUSTRIAL, LLC ("Plaintiff"), for its Complaint against defendants, alleges of its own knowledge with respect to itself and its own actions, and on information and belief as to all others and their actions, as follows:

## PARTIES

1. Plaintiff is a Florida limited liability company, having its principal office at 1601 Washington Avenue, Suite 800, Miami Beach, Florida 33139.

2. Plaintiff is the owner and holder of a certain note and associated mortgage defined and more particularly described below which affect the property located in the County of Kings, State of New York, more precisely described below, which property is the subject of this non-residential foreclosure action.

3. Defendant 1-10 Industry Associates LLC ("1-10 Industry Associates") is a limited liability company organized and existing under and by virtue of the laws of the State of New York, having an address of c/o Cammeby's International Ltd., 45 Broadway, 25th Floor, New York, New York 10006.

4. Defendant 19-20 Industry City Associates, LLC ("19-20 Industry City Associates," collectively with 1-10 Industry Associates, and individually, as the context may require, the "Borrower(s)") is a limited liability company organized and existing under and by virtue of the laws of the State of New York, having an address of c/o Cammeby's International Ltd., 45 Broadway, 25th Floor, New York, New York 10006.

5. Defendant Rubin Schron is a named Sponsor and Guarantor under the Loan Agreement (defined herein), and a resident of the State of New York, having an address of c/o Cammeby's International Ltd., 45 Broadway, 25th Floor, New York, New York 10006.

6. Defendant Abraham Fruchthandler is a named Sponsor and Guarantor under the Loan Agreement, and a resident of the State of New York, having an address of c/o FBE Limited, 111 Broadway, New York, New York 10006.

7. Defendant SIS Wizards Inc. is a corporation organized and existing under and by virtue of the laws of the State of New York, having an address of 34 34th Street, Brooklyn, New York 11201. It is made a party hereto on account of a judgment lien it holds against the Borrowers in the amount of $80,380.

8. Defendant The Presscrete Co. Inc. is a corporation organized and existing under and by virtue of the laws of the State of New York, having an address of 67 Wall Street, Suite 2411, New York, New York 10005. It is made a party hereto on account of a mechanic's lien it holds against the Property.

9. Defendant Maidenberg Corp. is a corporation organized and existing under and by virtue of the laws of the State of New York, having an address of 19 Dorothy Street, Staten Island, New York 10314. It is made a party hereto on account of a mechanic's lien it holds against the Property.

10. Defendant AH Harris & Sons Inc. is a corporation organized and existing under and by virtue of the laws of the State of Connecticut, with a New York branch having an address of 382 Hamilton Avenue, Brooklyn, New York 11231. It is made a party hereto on account of a mechanic's lien it holds against the Property.

11. Defendant Caterpillar Financial Services Corporation is a corporation organized and existing under and by virtue of the laws of the State of Delaware, having an office at 2120 West End Avenue, Nashville, Tennessee 37203. It is made a party hereto on account of a Uniform Commercial Code Financing Statement filed with the Secretary of State of the State

2

of New York against Borrower as Debtor, naming such Defendant as Secured Party, and listing as Collateral a portion of the Property consisting of personal property.

12. Defendant MW Cell TRS1, LLC is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, having an office at 1 North Wacker Drive, Chicago, Illinois 60606. It is made a party hereto on account of a Uniform Commercial Code Financing Statement filed with the Secretary of State of the State of New York against Borrower as Debtor, naming such Defendant as Secured Party, and listing as Collateral a portion of the Property consisting of personal property.

13. Defendant New York Community Bank is a banking corporation organized and existing under and by virtue of the laws of the State of New York, having an office at One Jericho Plaza, Jericho, New York 11753. It is made a party hereto on account of a Uniform Commercial Code Financing Statement filed with the Secretary of State of the State of New York against Borrower as Debtor, naming such Defendant as Secured Party, and listing as Collateral a portion of the Property consisting of personal property.

14. Defendant New York City Environmental Control Board is a city environmental agency having an address of 66 John Street, New York, New York 10038. It is made a party hereto solely to foreclose any interest, if any, in the Property arising from any code violations and/or other infractions resulting in fines and/or assessments against the Property.

15. Defendant New York City Department of Environmental Protection is a city environmental agency having an address of 59-17 Junction Boulevard, 18th Floor, Flushing, New York 11373. It is made a party hereto solely to foreclose any interest, if any, in the Property arising from any code violations and/or other infractions resulting in fines and/or assessments against the Property.

16. Defendant New York City Department of Finance is a city agency having an address of 66 John Street, 2nd Floor, New York, New York 10038. It is made a party hereto solely to foreclose any interest, if any, in the Property arising from any code violations and/or other infractions resulting in fines and/or assessments against the Property.

17. Defendant New York State Department of Taxation and Finance is a state agency having an address of W. Averell Harriman State Office Building 8/8A, Albany, New York 12227. It is made a party hereto solely to foreclosure any interest, if any, in the Property arising from any code violations and/or other infractions resulting in fines and/or assessments against the Property.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that this action is between citizens of different states and the matter in controversy exceeds $75,000.

19. Plaintiff is a Florida limited liability company and, pursuant to 28 U.S.C. § 1348, is a citizen and resident of Florida.

20. Based on the Plaintiff's investigation, no defendant, on information and belief, is a citizen of the State of Florida.

21. This Court has personal jurisdiction over each of the defendants.

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is located in the Eastern District of New York.

## BACKGROUND FACTS

**The Loan**

23. On or about September 20, 2007, Borrowers, as joint and several obligors, duly executed, acknowledged, and delivered that certain Amended, Restated and Consolidated Promissory Note (the "GSCMC Note"), in the principal amount of $300,000,000, and made payable to Goldman Sachs Commercial Mortgage Capital, L.P. ("GSCMC"), as obligee, for the purpose of evidencing an indebtedness in the amount of $300,000,000, plus interest at a rate specified in the Loan Agreement (as hereinafter defined) (the "Loan"). The GSCMC Note is annexed hereto as Exhibit A.

24. On or about September 20, 2007, Borrowers, as joint and several obligors and mortgagors, for the purpose of securing payment of the Loan, duly executed, acknowledged, and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee of GSCMC, as mortgagee, an Amended, Restated and Consolidated Mortgage, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing, dated as of September 20, 2007 and recorded in the Office of the City Register of the City of New York on October 24, 2007 as CRFN 2007000536647 (the "Mortgage"). The Mortgage, together with all assignments thereto (as hereinafter described), is annexed hereto as Exhibit B.

25. Pursuant to the Mortgage, Borrowers granted a security interest to MERS, as nominee of GSCMC, as mortgagee, and its successors and assigns, in, among other things, certain real property located in the County of Kings, State of New York, and more particularly described in the Mortgage as the Property, and all rights and appurtenances thereto, including,

without limitation, all fixtures and personal property located thereon (collectively, the "Property"). The land comprising the Property consists of the following:

| Block | Lot | County |
|-------|-----|--------|
| 695 | 1, 20, 43 | Kings |
| 691 | 1, 44 | Kings |
| 687 | 1 | Kings |
| 683 | 1 | Kings |
| 679 | 1 | Kings |
| 706 | 1, 101, 24 | Kings |
| 710 | 1 | Kings |

26. A complete legal description of the land comprising the Property is annexed hereto as Exhibit C.

27. Any applicable recording tax was duly paid at the time of recording the Mortgage.

28. In conjunction with the Loan, the Borrowers also executed a Loan Agreement dated as of September 20, 2007 (the "Loan Agreement"). The Loan Agreement is annexed hereto as Exhibit D. The Mortgage, together with the Note (as hereinafter defined), and all other documents evidencing or securing the repayment of the Loan, including, but not necessarily limited to, the Loan Agreement, are collectively referred to herein as the "Loan Documents."

**The Holder**

29. Pursuant to an Allonge to the GSCMC Note, dated September 20, 2007, GSCMC endorsed the GSCMC Note to the order of Goldman Sachs Mortgage Company ("Goldman").

6

30. On or about September 20, 2007, Borrowers, as joint and several obligors, duly executed and delivered each of (a) an Amended, Restated and Consolidated Promissory Note A-1, in the principal amount of $250,000,000, made payable to Goldman, as obligee (the "A-1 Note"), and (b) an Amended, Restated and Consolidated Promissory Note A-2, in the principal amount of $50,000,000, made payable to Goldman, as obligee (the "A-2 Note" and together with the A-1 Note, the "Note"), which Note replaced the GSCMC Note. The Note, together with all Allonges thereto (as hereinafter described) is annexed hereto as Exhibit E.

31. Pursuant to an Allonge to the A-1 Note dated October 30, 2007, Goldman endorsed the A-1 Note to the order of LaSalle Bank National Association ("LaSalle"), as Trustee for the registered holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2007-GG11, Commercial Mortgage Pass-Through Certificates, Series 2007-GG11 (the "A-1 Trust").

32. On October 17, 2008, LaSalle merged with and into Bank of America, National Association ("Bank of America"). The Certificate of Merger, dated April 4, 2011, is annexed hereto as Exhibit F.

33. Pursuant to that merger, Bank of America became the Trustee for the registered holders of the A-1 Trust.

34. Pursuant to an Allonge to the A-1 Note, Bank of America endorsed the A-1 Note to the order of U.S. Bank, National Association ("U.S. Bank"), as Trustee for the A-1 Trust.

35. Pursuant to an Allonge to the A-1 Note, dated August 12, 2011, U.S. Bank endorsed the A-1 Note to the order of Plaintiff.

7

36. Pursuant to an Allonge to the A-2 Note, dated September 20, 2007, Goldman endorsed the A-2 Note to the order of Wells Fargo Bank, N.A. ("Wells Fargo"), as Trustee for the registered holders of Citigroup Commercial Mortgage Trust 2008-C7 Commercial Mortgage Pass-Through Certificates, Series 2008-C7 (the "A-2 Trust").

37. Pursuant to an Allonge to the A-2 Note dated August 12, 2011, Wells Fargo endorsed the A-2 Note to the order of Plaintiff.

38. On or about September 8, 2011, MERS, in its capacity as nominee for U.S. Bank and Wells Fargo, assigned and transferred all of its right, title, and interest in the Mortgage to Plaintiff pursuant to an Assignment of Amended, Restated and Consolidated Mortgage, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing and Other Loan Documents, which has been or will be submitted for recording with the Office of the City Register of the City of New York.

**Borrowers' Default**

39. Pursuant to the Note and Section 1.2(a) of the Loan Agreement, the Borrowers are obligated to pay monthly installments of interest on the sixth day of each calendar month.

40. The Borrowers have failed to pay the monthly installments of interest required under the Note and the Loan Agreement for the period from December 6, 2010 through the date of this Complaint (the "Default").

41. Pursuant to the terms of the Note, the Mortgage and Section 7.1 of the Loan Agreement, the Default constitutes an Event of Default under the Loan Documents.

42. Plaintiff notified Borrowers in writing of the Default by letter dated January 18, 2011, and demanded that Borrowers make payment for all unpaid amounts then due

and owing (the "Notice of Default"). The Notice of Default is annexed hereto as Exhibit G. On March 10, 2011, Plaintiff further notified Borrowers that the date the debt outstanding under the Note was due had been accelerated, and was immediately due and payable (the "Notice of Acceleration and Demand for Payment"). The Notice of Acceleration and Demand for Payment letter, dated March 10, 2011, is annexed hereto as Exhibit H.

## FIRST CAUSE OF ACTION
### (Mortgage Foreclosure)

43. Plaintiff repeats and realleges paragraphs 1-42 of this Complaint as if fully set forth herein.

44. The Default constitutes an Event of Default under the Loan Documents, which entitles Plaintiff to exercise its rights under the Loan Documents, including without limitation the right to foreclose on the Mortgage.

45. By virtue of the Default and the Acceleration, the full outstanding principal balance of the Loan, all accrued and unpaid interest thereon and all other sums owing under the Loan Documents are currently due and payable.

46. Subsequent to the Default, the Borrowers have failed to pay the monthly installments of interest required under the Note and the Loan Agreement for the period from December 6, 2010 through the date of this Complaint. Since that date, Plaintiff has received only that amount which the Borrower has reported to be the net cash flows generated by the Property.

47. As of September 12, 2011, the entire amount owing on the Loan was past due, including the present unpaid principal balance of $300,000,000, plus any interest, default

interest, late fees and other charges (including, but not limited to, unpaid attorneys' fees and disbursements), owing under the Loan Documents, no part of which has been paid.

48. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the sum secured by the Loan Documents or any part thereof.

49. All conditions precedent to the assertion of the claims set forth herein have been satisfied.

50. Plaintiff requests that, in the event that this action proceeds to a judgment of foreclosure and sale, the Property be sold subject to the following:

  (a) Any state of facts that an inspection of the Property would disclose;

  (b) Any state of facts that an accurate survey of the Property would show;

  (c) Any covenants, restrictions, easements, and public utility agreements of record;

  (d) Any building and zoning ordinances or codes of the municipality, or any of its agencies or instrumentalities, in which the mortgaged Property is located and any violations of such ordinances or codes;

  (e) Any rights of tenants or persons in possession of the Property;

  (f) Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale; and

  (g) Any prior lien(s) of record.

51. In the event that Plaintiff possesses any other lien against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien

not be merged in Plaintiff's causes of action set forth in this Complaint, but that Plaintiff be permitted to enforce the other lien or seek a determination of priority thereof in any independent action or proceeding, including without limitation any surplus money proceedings.

**WHEREFORE**, Plaintiff respectfully requests:

(a) That the defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien, and equity of redemption of, in and to the Property and each and every part and parcel thereof; and that the Property may be decreed to be sold, according to law, in "as is" physical order and condition, subject to the items set forth in paragraph 50 of this Complaint;

(b) That the monies arising from the sale thereof may be brought into Court so that Plaintiff may be paid the amount due on the Loan Documents, with interest, late charges to the time of such payment, exit fees, and the expenses of such sale, including reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any term or provision of the Loan Documents, or to protect the lien of Plaintiff's mortgage or the Property, together with interest on those sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same;

(c) That in the event that Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage, or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint but that Plaintiff shall be permitted to enforce the other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus

money proceedings, and that Plaintiff may have such other and further relief, or both in the premises, as may be just and equitable;

(d) That in the event that, in order to protect its security interest, Plaintiff is compelled during the pendency of this action to make payments or make repairs to secure, protect and maintain the Property, and to pay taxes, assessments, water rates, sewer rents, insurance premiums and other charges affecting the Property, such sums so paid be added to the sums otherwise due and be deemed to be secured by the Mortgage and adjudged a valid lien on the Property, with appropriate interest thereon;

(e) Plaintiff's costs and disbursements incurred in this action, including attorneys' fees; and

(f) Such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (For the Appointment of a Receiver)

52. Plaintiff repeats and realleges paragraphs 1-51 of this Complaint as if fully set forth herein.

53. Pursuant to Section 3.1(e) of the Mortgage, Plaintiff has the express right to seek the appointment of a receiver (the "Receiver") in an Event of Default.

54. Additionally, the above-pleaded facts demonstrate the need for the appointment of a receiver for the Property pursuant to Federal Rule of Civil Procedure 66 and 28 U.S.C. § 754.

**WHEREFORE**, Plaintiff respectfully requests judgment:

(a) Appointing a person whom this Court deems suitable and appropriate to serve as Receiver of the Property, for the purpose of preserving and protecting the value of the Collateral that secures repayment of the Note;

(b) Authorizing the Receiver to receive and collect the Rents and profits of the Property with the usual powers;

(c) Authorizing the Receiver to take immediate possession of the Property and related assets, including without limitation, bank accounts maintained by any manager related to the Property, and accounts receivable generated by the Property;

(d) Authorizing the Receiver to hire and employ a person or entity that the Receiver deems suitable and appropriate to serve as the manager of the Property during the pendency of the receivership;

(e) Authorizing the Receiver to take all actions reasonably necessary to maintain, operate, and preserve the Property during the pendency of the Receivership;

(f) Authorizing the Receiver to incur such limited amount of additional debt as is reasonably necessary to maintain, operate, and preserve the Property;

(g) Pursuant to 28 U.S.C. §§ 2001, 2002, and 2004, authorizing the Receiver to sell the Property in one parcel or multiple parcels, and that the sums due Plaintiff on or pursuant to the Loan Documents be determined and adjudged, and that out of the monies arising from the sale of the Property and personal property, Plaintiff be paid the amounts due on the Loan Documents, with interest thereon, the premiums and penalties, if any, and all other amounts due on the Loan, including attorneys' fees, the expenses of the sale, and costs, expenses, and disbursements of this action, together with the sums that have been and may be paid by Plaintiff

for fire insurance, taxes, charges and assessments on the Property, with interest thereon, so far as the amount of such monies properly applicable thereto shall suffice therefor;

  (h) Directing the Receiver to provide an accounting of the receivership estate;

  (i) Providing for the reasonable compensation of the Receiver and the manager of the Property;

  (j) Directing any and all individuals and entities with actual or constructive notice of the receivership to cooperate with the Receiver's efforts to take possession of the Property and related assets;

  (k) Enjoining any and all individuals and entities with actual or constructive notice of the receivership from directly or indirectly interfering with the Receiver's efforts to discharge its duties as Receiver; and

  (l) Enjoining any and all individuals and entities with actual or constructive notice of the receivership from concealing, dissipating, or destroying the assets of the receivership estate or any books and records thereto.

## THIRD CAUSE OF ACTION
### (Entitlement to Rents and Accounting)

55. Plaintiff repeats and realleges paragraphs 1-54 of this Complaint as if fully set forth herein.

56. Pursuant to Section 4.1 of the Mortgage, the Borrowers absolutely and unconditionally assigned and transferred to Plaintiff, among other things, the Rents.

57. The Mortgage provides that, upon the occurrence and continuance of an Event of Default, Plaintiff is immediately entitled to the Rents, and the Borrowers are required to hold the Rents held by the Borrowers in trust on behalf of Plaintiff.

58. By virtue of the Default, Plaintiff is entitled to the Rents, and to specific performance of the Borrowers' obligations under the Mortgage regarding the Rents.

**WHEREFORE**, Plaintiff respectfully requests judgment:

(a) Declaring Plaintiff's entitlement to the Rents;

(b) Declaring Plaintiff's right to an accounting of all Rents received and all expenses paid therefrom;

(c) Granting Plaintiff specific performance with regard to the Borrowers' obligation under the Loan Documents to hold in trust or turnover to Plaintiff all rents collected and all other obligations of the Borrowers pertaining to the Rents; and

(d) Granting such other relief as is equitable and just.

## FOURTH CAUSE OF ACTION
### (Foreclosure of Security Interest in Personalty)

59. Plaintiff repeats and realleges paragraphs 1-58 of this Complaint as if fully set forth herein.

60. To secure repayment of the Loan, the Mortgage executed by the Borrowers included a Security Agreement in favor of Plaintiff pursuant to which the Borrowers gave Plaintiff a security interest in the Borrowers' personal property including, without limitation, the Personalty, Fixtures, Plans, Leases, Rents and Property Agreements contained in or on the Property (collectively, the "Non-Real Property Collateral"). *See* Exhibit B at Article 6.

61. By virtue of the Default, Plaintiff is entitled to foreclose on its security interest in the Non-Real Property Collateral.

**WHEREFORE**, Plaintiff respectfully requests:

(a) That the defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien, and equity of redemption of, in and to the Non-Real Property Collateral; and that the Non-Real Property Collateral may be decreed to be sold, according to law;

(b) That the monies arising from the sale thereof may be brought into Court so that Plaintiff may be paid the amount due on the Loan Documents, with interest, late charges to the time of such payment, exit fees, and the expenses of such sale, including reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any term or provision of the Loan Documents, together with interest on those sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; and

(c) Such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION
### (Deficiency Judgment Against Borrowers)

62. Plaintiff repeats and realleges paragraphs 1-61 of this Complaint as if fully set forth herein.

63. Plaintiff is entitled to recover from Borrowers, to the extent of Borrowers' obligations under the Loan Documents, any deficiency that may remain unsatisfied after applying all proceeds of the sale of the Collateral pursuant to the direction of the Court.

64. Plaintiff reserves all rights and remedies pursuant to that certain Guaranty dated as of September 20, 2007 by Rubin Schron and Abraham Fruchthandler in favor of Plaintiff in respect of any deficiency judgment ultimately rendered hereunder.

**WHEREFORE,** Plaintiff respectfully requests a deficiency judgment in an amount equal to any deficiency referenced in paragraph 63 above.

Dated: New York, New York
September 19, 2011

SHEARMAN & STERLING LLP

By: _____
William J.F. Roll, III
Joanna Shally
Melissa J. Godwin

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
wroll@shearman.com
jshally@shearman.com
melissa.godwin@shearman.com

*Counsel for Plaintiff GCCFC 2007-GG11 Brooklyn Industrial, LLC*